UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN J. BLUM,

    Plaintiff,

    v.                                      CASE NO. 3:23-cv-24734-MCR-HTC

DEFENDANT 1 a/k/a
MIA TARA, et al.,

    Defendants.
_____/

## ORDER

Plaintiff John J. Blum filed an Emergency Motion for Temporary Restraining Order ("TRO") Without Notice against Defendant 1 a/k/a MIA TARA and her accomplices JOHN DOES 1-20, seeking to preserve the *status quo ante* (as explained more fully below) pending the full adjudication of Blum's claims. ECF No. 5. The Court granted the TRO without notice on December 13, 2023, directed service, and held a hearing on the motion on December 22, 2023. On consideration of the evidence, *See* ECF Nos. 1, 1-1, 5-1 through 5-3, 12 and 12–1, and hearing Exhibit 1, the Court finds that Blum is entitled to a preliminary injunction.

**I.**    **Background and Findings**

Blum alleges in the verified Complaint for Conversion of Stolen Cryptocurrencies that Defendants deceived him into transferring approximately

$1,160,615.58 worth of cryptocurrency into Defendants' private cryptocurrency wallet addresses (collectively "Destination Addresses") after Defendant 1 fraudulently represented that she was a cryptocurrency investor who would assist Blum in investing his cryptocurrency. Relying on Defendants' alleged misrepresentations, Blum believed he had downloaded a legitimate and regulated cryptocurrency exchange smartphone application but instead downloaded and ultimately transferred his cryptocurrency assets to a smartphone application that facilitated the transfer of his cryptocurrency assets into Defendants' Destination Addresses. He made eight transactions to the fraudulent exchange between March 17, 2023, and April 21, 2023, and has been unable to transfer the cryptocurrency from the fake exchange back into his legitimate cryptocurrency wallet or withdraw the cryptocurrency from the fraudulent application. When Blum questioned Defendant 1 about the transfer issues, Defendant 1 made false representations to him, and Blum was also told by individuals claiming to be customer service representatives that he was required to transfer additional cryptocurrency to the fraudulent exchanges before he could withdraw any.

With his verified Complaint, Blum provided an investigator's report that used blockchain analytics to trace the path of Blum's cryptocurrency assets. *See* ECF Nos. 1–1, 5–1. Blum maintains, and the report purports to show, that various

unauthorized transactions resulted in his funds being transferred to the following Destination Addresses that are believed to be owned or controlled by Defendants:

| Destination Addresses |
| --- |
| MEXC  32CEytgVfa8qSLRKj6SJKSkEA24KJaewkH |
| MEXC  3Kg3fotNUVXAWKDn7NyKgjBDEJxy1v4GCE |
| MEXC  3NadyvuQjcCm41CqHfUVakjVRkq2jRSXDd |
| MEXC  32vy55gghsFgEppwjWLaff3bzv6udZM4wY |
| MEXC  3KxwJnLDhxhamuRkVznwrpm2zCP3B6mot4 |
| MEXC  38Zdq6Tc4n8qK6mxPEa76CU3LamYFWLMvN |
| MEXC  13uZyaPbt4rTwYQ8xWFySVUzWH3pk2P5c7 |
| MEXC  33ze68qZoBE9R4uMtRQGNnvgFTYN4sPBUq |
| OKX  3DCFNFRVBdyzGjHsJzn1tid2rJhu5S19Ta |
| OKX  bc1quhruqrghgcca950rvhtrg7cpd7u8k6svpzgzmrjy8xyukacl5lkq0r8l2d |
| 38r6qe12gLJJy2N1UTjUVrkn7rneQKjwAN |
| HTX  1PSPQhnNrCqMR9eWSh8csrE929Yo7sQeLB |
| HTX  1AQLXAB6aXSVbRMjbhSBudLf1kcsbWSEjg |
| 323DZ6xJK7KSescPmW2MPNkWU1JXCD9uUx |

Blum represents that Defendants have fraudulently taken control of his cryptocurrency assets and converted them to their own use and enrichment.

In his verified Complaint, Blum asserts four causes of action: (1) conversion; (2) unjust enrichment; (3) imposition of constructive trust and disgorgement of funds; and (4) conspiracy. He sought a TRO to freeze Defendants' assets through the Destination Addresses in order to preserve the *status quo ante* pending the full adjudication of his claims. The Court entered a TRO without notice based on this record, temporarily restraining Defendant from withdrawing, transferring, or encumbering any assets currently held or controlled by Defendants in the above-

CASE NO. 3:23-cv-24734-MCR-HTC

specified Destination Addresses, *see* ECF No. 6, and granted Plaintiff's request to pursue alternate service through WhatsApp, Non-Fungible Token ("NFT") electronic transfer and/or website publication, ECF No. 10.  Blum filed proof of service through NFT on December 18, 2023, indicating that Defendant 1, whom he knew only as "Mia Tara," had responded within approximately one minute of being served, saying "Who are you?"  ECF No. 12–1.  At the evidentiary hearing, Blum's counsel presented an exhibit showing that subsequent to the affidavit of service, blue check marks had appeared at the WhatsApp site that was served, indicating by this change of color that the documents had been read by the receiver.[1]  Despite notice, no Defendant appeared at the hearing to defend or present any evidence to the Court.

**II.    Discussion**

A court may grant a preliminary injunction under Rule 65(a) after notice on proof that:  (1) there is a substantial likelihood of success on the merits of the case, (2) the moving party will experience irreparable harm in the absence of an injunction, (3) the injury to the movant outweighs the potential harm that an injunction may cause the defendant, and (4) an injunction would not be adverse to

---

[1] Blum's counsel represents that Defendants John Does 1 – 20 remain unidentified but that at least two individuals represented themselves as customer service representatives during the scam.

CASE NO. 3:23-cv-24734-MCR-HTC

the public interest. *See N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1217 (11th Cir. 2008). It is well settled that a preliminary injunction is an "extraordinary and drastic" remedy that should not be granted "unless the movant clearly established the burden of persuasion as to all four elements." *CBS Broad., Inc. v. EchoStar Commc'ns Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001) (internal marks omitted). Courts have found that factual conflict "may create sufficient doubt about the probability of plaintiff's success to justify denying a preliminary injunction." *See Castellano Cosmetic Surgery Ctr., P.A. v. Doyle*, No. 8:21-cv-1088-KKM-CPT, 2021 WL 3188432, at *6 (M.D. Fla. July 28, 2021) (quoting 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2948.3 (3d ed. 2021)). The Supreme Court has stated that "the first two factors of the traditional standard are the most critical," *Nken v. Holder*, 556 U.S. 418, 434 (2009), but the Eleventh Circuit has suggested that "[t]he first factor is generally the most important," *Dream Defs. v. Governor of the State of Fla.*, 57 F.4th 879, 889 (11th Cir. 2023) (internal citation omitted).

First, the Court concludes that adequate notice was given. Alternate service was accomplished on December 18, 2023, and the hearing was held on December 22. *See generally Four Seasons Hotels and Resorts, B.V. v. Consoricio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003) ("the sufficiency of notice" under Rule 65 is

a matter within the discretion of the trial court); *United States v. Alabama*, 791 F.2d 1450, 1458 (11th Cir. 1986) (finding "one to three days' written notice" of a preliminary injunction hearing sufficient). Despite notice, no Defendants appeared or presented evidence, so there currently is no factual conflict on the record.

On review of the record, the Court finds that all four factors necessary to a preliminary injunction weigh in favor of Blum. As previously found, Blum has demonstrated a strong likelihood of success on the merits of his claims against Defendants. The record at this stage shows that Defendants fraudulently acquired Blum's cryptocurrency assets and have no right to claim either possession or ownership of them. The stolen cryptocurrency assets are specific and identifiable property and have been traced to Defendants' Destination Addresses. Blum has thus shown a substantial likelihood of success on the merits of his claims for conversion, unjust enrichment, and imposition of a constructive trust and disgorgement of funds held by Defendants in the Destination Addresses.

Blum also has shown that irreparable harm will ensue absent preliminary injunctive relief. Given "the speed with which cryptocurrency transactions are made as well as the anonymous nature of those transactions," the Defendants could abscond with or dissipate the cryptocurrency assets they fraudulently obtained before Blum can otherwise obtain the equitable relief he seeks in the Complaint.

CASE NO. 3:23-cv-24734-MCR-HTC

*Hikmatullaev v. Villa*, Case No. 23-cv-22338-ALTMAN/REID, 2023 WL 4373225, at *3 (S.D. Fla. June 28, 2023) (quoting *Astrove v. John Doe*, No. 9:22-cv-80614, 2022 WL 2805315, at *3 (S.D. Fla. Apr. 22, 2022)), *report and recommendation adopted*, No. 23-CV-22338, 2023 WL 4363566 (S.D. Fla. July 6, 2023). The balance of hardships also favors Blum because the preliminary injunction would preserve the *status quo ante* and prevent irreparable harm while the case is pending. *Astrove,* 2022 WL 2805315, at *3. It is "perhaps [Blum's] only realistic chance at a future recover in this case, and Defendants will suffer at worst a temporary inability to move assets that it appears they have no right to possess." *Ohlin v. Defendant 1 a/k/a Selina*, Case No. 3:23cv8856-TKW-HTC, ECF No. 12 at ** 6–7 (N.D. Fla. Jun. 22, 2023). Finally, converting the TRO in this case into a preliminary injunction does no harm to the public interest, which instead is properly served by encouraging compliance with the law. The injunctive relief will promote the objectives of the U.S. Department of the Treasury while assuring the public that courts will protect and aid investors in their recovery of stolen assets. *See Astrove,* 2022 WL 2805315, at *3. Because all factors weigh in favor of Blum, the Court will convert the TRO into a preliminary injunction. *See Hikmatullaev*, 2023 WL 4373225, at *3 (finding plaintiffs' request to have cryptocurrency accounts "frozen to prevent dissipation of

Page 8 of 10

the assets . . . is logical, appropriate, and is a common remedy employed in similar cases").

Additionally, Rule 65 requires that a preliminary injunction my issue "only if the movant gives security" in an amount that the Court deems proper for payment of costs and damages sustained by any party wrongfully enjoined. Fed. R. Civ. P. 65(c). Because of the apparent strength of the case, Blum need only provide a modest amount of security, and the Court finds the sum of $100 as previously ordered is sufficient. *See Ohlin*, Case No. 3:23cv8856-TKW-HTC, ECF No. 12 at *7.

Accordingly, a **Preliminary Injunction** is entered as follows:

1. Pending disposition of this case or further Order of the Court, Defendants and their agents, servants, employees, attorneys, partners, successors, assigns, and all other persons or entities through which she/they act or who act in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division or other device, or any of them, are hereby enjoined from withdrawing, transferring, or encumbering any assets currently held by, for, or on behalf of Defendants or any business entity through which she/they act or which

act in active concert or participation with them; including but not limited to those assets currently held in the Destination Addresses.[2]

2. The Court has determined that the same One Hundred Dollars ($100.00) as previously required is adequate security. The record does not reflect that this has yet been deposited with the Court. Therefore, Plaintiff is directed to post a bond in the amount of One Hundred Dollars ($100.00), or, in lieu of a bond, Plaintiff may post cash or its equivalent with the Clerk of Court, within 14 days of this Order.

3. On a showing of good cause by any party-of-interest, the Court may enter a further order amending the amount of Plaintiff's bond requirement as a means of providing a source of funds to which Defendants may be entitled for a wrongful injunction or restraint.

4. Plaintiff is directed to promptly serve WhatsApp and all Destination Addresses via NFTs with a copy of this Order and file a notice of compliance on the docket.

---

[2] Although the TRO also included "any account at any other financial institution, bank, trading exchange, or investment firm; and any cryptocurrency wallet or cryptocurrency trading account they maintain or control anywhere other than in the Destination Addresses," the Court has deleted this language from the Preliminary Injunction, finding it overly broad and not sufficiently warranted by the evidence in the record.

CASE NO. 3:23-cv-24734-MCR-HTC

5. An Initial Scheduling Order will be entered if and when an appearance is made on behalf of one or more Defendants.

**DONE AND ORDERED** this 23rd day of December 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**